Judge Underwood,
delivered the opinion of the court.
So much of the decree as gives execution to the defendant in error, for the balance of his demand not satisfied by the sale of the mortgaged premises, is erroneous.. Davie had a complete remedy at law, on his obligation, to secure the payment of the balance; and, according to the principles settled, in the case of Downing, &c. vs. Palmateer, I Monroe, 67, the chancellor could not go further than to subject the mortgaged estate,. For this error alone, the decree must be reversed, so far as execution is allowed.
The other points relied on, are not tenable. It is true, the instrument relied on by Davie, in his bill, as a mortgage, has no seal; and therefore, it does not amount to an executed conveyance; hut in chancery, between the parties to that instrument, the omission to place a seal can have no effect. It should, at least, he considered as a valid executory contract, which the chancellor will complete by his decree, and thus supply the omission of the.parties, in fixing a seal, which must be regarded as an oversight or mistake.
.' The usury relied on in tire answer, is not sufficiently established. The only witness whose deposition has been taken, speaks of an intention to lend common *71 wealth’s bank notes, in February. The obligation exe-cufed by M’Gee to Davie, bears date in March, it has a subscribing witness, whose testimony has not been procured, (and no reason is assigned for not doing it,) and it is made payable upon its face in gold or silver. The evidence is too weak to impeach the note.
Mills and Bromi, for plaintiff.
So much of the decree, as gives execution for the balance of the demand of Davie, not satisfied by the sale of the land, is reversed, and the residue of the decree is affirmed. -
The plaintiff in error, must recover his costs in the court.